Mark Radoff , SBN 119311
Dorothy Alther, SBN 140906
Mark Vezzola, SBN 243441
609 S. Escondido Boulevard
Escondido, CA 92025
Phone (760) 746-8941
Facsimile (760) 746-1815
mradoff@calindian.org

Attorneys for Defendant
LOS COYOTES BAND OF CAHUILLA
& CUPENO INDIANS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERTC, LLC, a Nevada limited liability company | ) Case No.: 11cv2148-WQH-NLS |
| Plaintiff, | ) DEFENDANT'S OBJECTION TO EX PARTE APPLICATION FOR TIME EXTENSION & DISCOVERY |
| vs. | ) |
| LOS COYOTES BAND OF CAHUILLA & CUPENO INDIANS, a federally recognized Native American Tribe, | ) |
| Defendant. | ) Date: TBD<br>) Time: TBD<br>) Department: 4<br>) Judge William Q. Hayes |

Defendant objects to Plaintiff, ERTC LLC's Ex Parte Application for additional time to respond to Defendant's Motion to Dismiss.  This is the third ex-parte application filed by Plaintiff and it is an abuse of process. To begin with, the amount and breadth of discovery proposed by Plaintiff is anything but "minimal" notwithstanding Plaintiff's characterization. Moreover, even if Plaintiff can obtain any of the proposed discovery it will not confer subject matter jurisdiction on this court which is a matter of law, because there was no approval of the purported "lease" by the Bureau of Indian Affairs (BIA) as required by the Long Term Leasing

Act 25 U.S.C. §415 and Plaintiff has not joined the BIA in this action. Neither is it plead by Plaintiff that there a written Tribal Resolution waiving its sovereign immunity, but even if Plaintiff could "discover" such a written Resolution, it would be to no avail because the second required approval cannot be met absent Secretarial approval, and therefore the "lease" is void ab initio.

   1.   Ex Parte Requests are Rarely Justified.

   Plaintiff is on its third ex-parte application in a case that was filed on September 15, 2011. One court noted that ex-parte applications have reached epidemic proportions and are rarely justified. *Mission Power Engineering Company v. Continental Casualty Company* (1995) F.Supp. 488, 489-490.  That same court noted that hybrid ex-parte motions are inherently unfair and they pose a threat to the administration of justice. *Mission Power* at p. 490. The problem is that such motions detract from the fundamental purpose of the adversary system, namely to give the court the best possible presentation of the merits and demerits of the case on each side, and an opposing party can rarely make its best presentation on such short notice. *Id* at 491. Moreover, the moving party must not only show that it will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, it must also establish that it was without fault in creating the crisis that requires ex parte relief. *Id* at 492.

   Here, Plaintiff filed factual declarations to support its second request for a temporary restraining order and Defendant was forced to rebut those allegations. It was communicated to Plaintiff unambiguously before the lawsuit was filed that the "leases" in question were not valid and therefore the waiver contained therein was not valid. Nor was the dispute whether the Chairperson, Francine Kupsch had the unilateral authority to waive the Tribe's sovereign immunity a new issue to Plaintiff. The attempt to create a proverbial fishing expedition to create some compilation of consent by reviewing minutes, agendas, resolutions, tapes and deposing Executive Council members and both of the Tribe's attorneys is an outrageous request, and certainly cannot constitute some type of exigency that can only be resolved on an ex-parte basis.

///

2.   Subject Matter Jurisdiction Cannot be Cured by Discovery.

Plaintiff has not alleged, nor can it, that the Bureau of Indian Affairs approved either of the "leases" it claims to have, and absent an approval by the Bureau the leases are void ab initio, including the waiver of immunity contained therein. That said, Plaintiff's belief that they may somehow be able to construct a composite tribal approval other than a written Resolution becomes irrelevant because there cannot be a valid lease absent Secretarial approval under 25 U.S.C. §415 and 25 CFR 162.

It is well settled that Indian tribes enjoy common-law immunity from suit in state and federal court by virtue of their status as a sovereign. *Kiowa Tribe v. Manufacturing Technologies, Inc.* (1998) 523 U.S. 751, 754 citing *United States v. U.S. Fidelity & Guaranty Co. (1940) 309 U.S. 506, 512.*  Sovereign immunity is jurisdictional in nature. *F.D.I.C. v. Meyer* (1994) 510 U.S. 471, 475.

The court in *Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Florida* (2011) Westlaw Citation 2011 WL 1303163 (S.D. Fla.) [Case No. 10-60483-CIV] that such immunity is not perfectly analogous to federal or state sovereignty but is broader in that tribal governments retain sovereign immunity when they operate commercial enterprises on and off reservations. *Contour Spa at the Hard Rock, Inc.* at p. 6. When Indian tribes do enter the commercial realm federal law requires that the United States Government approve certain contracts between Indian tribes and non-Indians [*citing* 25 U.S.C. §81] *Id* at p. 6. That same court noted that Secretarial approval is a condition precedent to the validity of such a lease, and "accordingly a lease of restricted lands that lacks secretarial approval is null and void ab initio. *Contour Spa* at p. 7 citing *A.K. Management Co. v. San Manuel Band of Mission Indians* (9th Cir. 1986) 789 F. 2d 785, 788, and *Barona Group of Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc.* (9th Cir. 1987) 840 F. 2d 1394, 1403-1404 (holding that whether a contract requires approval under section 81 is a question of law, absent ambiguity in the contract).

In *Contour Spa* the court noted that the Indian Long Term Leasing Act, 25 U.S.C. 415 and its accompanying regulations 25 C.F.R. §162 provide that restricted Indian lands may only be leased with the approval of the United States Government. *Id* at p. 7. Under 25 C.F.R. 162.610(a) *both* an Indian tribe's approval and the Secretary of Interior's approval is needed for encumbrance of a lease of restricted tribal lands.

Plaintiff in *Contour* tried to argue that the Seminole Tribe should be stopped from asserting the lease's lack of secretarial approval because the Seminole Tribe made oral and written assertions to Plaintiff that it had obtained secretarial approval prior to the Spa's opening. The court was not persuaded and found that even if the tribe had made such assertions, it is unlikely that equitable contract principles apply to agreements that are subject to 25 C.F.R. §81. *Id at p. 8.* Here, ERTC is making an analogous argument in hopes of discovering around a subject matter jurisdiction defect. Moreover, the requirement of a lease being approved under §415 is a matter of federal law and absent such approval there is no lease and no waiver of immunity and no jurisdiction.

In *Smith v. Acting Billings Area Director* (1989) 17 IBIA 231, 235 the Board of Indian Appeals affirmed this position that "any lease of Indian trust or restricted land that is not approved by the Secretary of the Interior or his authorized representative is void ab initio, has no force and effect, and grants no rights to either the attempted lessor or lessee." Plaintiff's attempt to cull statements or deliberations in minutes that would otherwise be privileged under the deliberative process privilege cannot manufacture some type of tribal consent, nor can it remedy the fact that there was no federal approval, which goes to the subject matter jurisdiction issue, not personal jurisdiction.

When a court considers its subject matter jurisdiction the burden of proof is on the plaintiff. *Adams v. Bain* (4th Cir. 1983) 697 F.2d 1213, 1219.

The other issue which was briefed in Defendant's motion to dismiss is that Plaintiff has not joined the federal agency who would be a required and indispensible party for Plaintiff to obtain the relief requested, and subjects its complaint to dismissal under Rule 19.

3.     Conclusion.

For the foregoing reasons, Defendant objects to Plaintiff's attempt to expand these proceedings by four months. The discovery outlined is excessive, unreasonable and will not afford this court subject matter jurisdiction. Plaintiff's request should be denied and it should be ordered to respond to the Motion to Dismiss.

Respectfully Submitted,

_____
Mark Radoff (SBN 119311)

**PROOF OF SERVICE**

I, the undersigned, declare that I am over the age of eighteen and not a party to the within action. I am employed in, or a resident of the County of San Diego, California, in which the following service occurred. My business address is 609 South Escondido Blvd., Escondido, California.

On November 21, 2011, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method indicated.

**DOCUMENT(S) SERVED:**

DEFENDANT'S OBJECTION TO EX PARTE APPLICATION FOR TIME EXTENSION & DISCOVERY (ERTC LLC v. Los Coyotes Band Case No.: 11cv2148-WQH-NLS)

**PERSON(S) SERVED:**

G. William Vandeweghe, Jr. (SBN 149355)
Christian D. Humphreys (SBN 174802)
Jae K. Park (SBN 234474)
MCKENNA LONG & ALDRIDGE LLP
4435 Eastgate Mall, Suite 400
San Diego, CA 92121
E-mail: bvandeweghe@mckennalong.com
chumphreys@mckennalong.com
jpark@mckennalong.com
Fascimile: (619) 595-5450

_____ **(BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail this day at Escondido, California. I am "readily familiar" with the firm's practice of collecting and processing mail. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

___X___ **(BY FACSIMILE and E-MAIL)** I caused the said document to be transmitted by Facsimile Transmission to the number indicated after the addresses noted above or on the attachment herein, and e-mailed to the address noted above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Escondido, California, this 21st day of November, 2011.

Mark A. Radoff